# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 6:08-cr-00017 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **ALFRED NICKELAY DAVIS** | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Alfred Nickelay Davis, a federal inmate, through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and the time within which Davis had to respond as expired, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Davis' § 2255 motion must be dismissed.

## I.

On June 12, 2008, a federal grand jury charged Davis in a seven-count indictment with three counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He pleaded guilty, in a written plea agreement, to one of the § 924(c) charges and one of the § 922(g) charges, and the government agreed to dismiss the remaining counts against him. The Presentence Investigation Report ("PSR") did not recommend that Davis be treated as an armed career criminal. As a result, it recommended an advisory guideline sentence of 57 to 71 months for the § 922(g) charge and a consecutive 60 months for the § 924(c) charge, as required by statute. PSR ¶¶ 58, 59, ECF No. 54.

On April 8, 2009, I sentenced Davis to a 117-month sentence; 57 months as to the § 922(g) charge and 60 months as to the § 924(c) charge, to be served consecutively. Judgment at

2, ECF No. 31. I also sentenced him to five years of supervised release on the § 922(c) charge and a concurrent three years on the § 922(g) charge. *Id.* at 3. Davis did not appeal.

On June 22, 2016, Davis filed a § 2255 motion challenging his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). I appointed the Federal Public Defender's Office to represent Davis and provide supplemental briefing, if necessary, in light of *Johnson*, pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed an amended § 2255 petition on August 25, 2016. Davis alleges that even though he was not sentenced as an armed career criminal, his guideline range was increased because of a prior conviction for a "crime of violence," the definition of which was affected by *Johnson*.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Davis bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### A. The ACCA Enhanced Sentence Structure

Davis is not entitled to relief because his case is wholly unaffected by the *Johnson* decision. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment, as was the case for Davis. 18 U.S.C. § 924(a)(2). However, when a defendant convicted of a § 922(g) charge has three or more prior convictions for "serious drug offenses" or "violent felonies," he qualifies as an armed career criminals under the Armed Career Criminal Act ("ACCA"). Armed

career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA, known as the "residual clause."[1] 135 S. Ct. at 2557. As a result, the decision limited the types of prior convictions that can be used as predicates to increase the defendant's sentence. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court later held that its decision in *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, because Davis did not receive an enhanced statutory sentence as an armed career criminal, *Johnson* has no bearing on his claims.

**B. Davis' Advisory Guideline Range**

Davis argues that even though he was not sentenced as an armed career criminal, his advisory guideline range was increased because of a prior conviction for a "crime of violence," the definition of which was affected by *Johnson*. Specifically, Davis asserts that his prior 2004 Virginia conviction for shooting into an occupied vehicle qualified as a "crime of violence" only under the "residual clause" of the guidelines.

Under United States Sentencing Guideline (U.S.S.G.) § 2K2.1, a defendant's base offense level is increased to 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." At the time that Davis was sentenced, "crime of violence" in U.S.S.G. § 2K2.1 included a residual clause identical to that struck down by the Supreme Court in *Johnson*. U.S.S.G. § 2B1.2.

---

[1] The "residual clause" provided that a crime that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" qualified as a "violent felony." 18 U.S.C. § 924(e)(ii).

3

However, even assuming that Davis' prior conviction for shooting into an occupied vehicle qualified as a "crime of violence" under the residual clause, his argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court, in *Beckles*, held that because the Guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces, they are not subject to the same type of constitutional vagueness challenge as the ACCA statute was in *Johnson*. *Id*. at 895. Accordingly, Davis cannot establish any error, constitutional or otherwise and he is not entitled to relief. *Id.*

## III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This  1st   day of December, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE